**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1776**

---

NWABUEZE OKOCHA,

Plaintiff - Appellant,

versus

PATRICIA L. ADAMS, M.D.; K. PATRICK OBER,
M.D.; WILLIAM B. APPLEGATE, M.D., M.P.H.; WAKE
FOREST UNIVERSITY SCHOOL OF MEDICINE; WAKE
FOREST UNIVERSITY,

Defendants - Appellees.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. William L. Osteen, Senior
District Judge. (1:06-cv-00275-WLO)

---

Submitted: June 6, 2007          Decided: July 9, 2007

---

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Theo I. Ogune, OGUNE LLC, Baltimore, Maryland, for Appellant. James
T. Williams, Jr., Elizabeth V. LaFollette, BROOKS, PIERCE,
MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina,
for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nwabueze Okocha appeals from the denial of preliminary injunctive relief in his civil action. Finding no error, we affirm.

Okocha filed a complaint against Wake Forest University, School of Medicine, Wake Forest University and several individuals associated with Wake Forest University (collectively "Wake Forest"), alleging that he was dismissed as a student from the medical program at Wake Forest in violation of Title VI of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000d; 42 U.S.C. § 1981 and 1985; the Racketeer Influenced and Corrupt Organizations Act, 19 U.S.C. § 1961 et seq.; the Supremacy Clause; the Unfair and Deceptive Trade Practices Act, N.C.G.S. 75-1.1; the confidentiality provision of the Immigration and Naturalization Act, 8 U.S.C. § 1255a(c); and state law claims of breach of contract, fraud, invasion of privacy and unfair and deceptive trade practices.

Okocha also filed a motion for a restraining order and/or preliminary injunction, asking the district court to reinstate Okocha to the medical program as a North Carolina resident, prohibit Wake Forest from discriminating or setting policies that discriminate on the basis of ethnicity or national origin, prohibit Wake Forest from using or examining confidential information obtained from the United States Citizenship and Immigration Services (USCIS), and order Wake Forest to destroy all records

obtained through illegal means. The district court construed the motion as seeking a preliminary injunction and denied the motion after a hearing. Okocha timely filed an interlocutory appeal challenging the district court's order.

Thereafter, Okocha filed a motion for recusal of the district court judge, which the court denied. Okocha did not file a notice of appeal with respect to the denial of that motion. On appeal, Okocha argues that: (1) the district court erred when it failed to enjoin Wake Forest from relying upon alleged facts obtained in violation of 8 U.S.C. § 1255a(c); (2) the district court failed to comply with Fed. R. Civ. P. 52(a); (3) the district judge erred when it failed to recuse himself; and (4) the district court erroneously failed to follow Fourth Circuit precedent when considering his motion for preliminary injunctions.

The standard for granting a preliminary injunction is the "balancing-of-hardship" analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In determining whether a preliminary injunction is appropriate, the district court considers four factors: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood the plaintiff will succeed on the merits; and (4) the public interest. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991). We

conclude that Okocha failed to meet this standard with respect to any of the grounds used to support his motion for a preliminary injunction. Moreover, we also conclude that any alleged deficiencies in the district court's findings of facts and conclusions of law were harmless as we were able to evaluate the propriety of the district court's decision from the undisputed facts and on matters of law. Finally, as Okocha failed to appeal from the order denying his motion for recusal of the district court judge, we decline to consider this claim for lack of jurisdiction. See <u>Browder v. Dir., Dep't of Corr</u>., 434 U.S. 257, 264 (1978). In any event, a district court's denial of a motion to recuse is not a final appealable order. See <u>In re Va. Elec. & Power Co.</u>, 539 F.2d 357, 364 (4th Cir. 1976).

For these reasons, we affirm the district court's order denying Okocha's motion for a preliminary injunction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>